UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| ROWE PALMER, | ) | |
| --- | --- | --- |
| Petitioner, | ) | |
| v. | ) | 1:19-cv-00345-JAW |
| WARDEN, MAINE STATE PRISON, | ) | |
| Respondent | ) | |

### RECOMMENDED DECISION ON 28 U.S.C. § 2254 PETITION

Pursuant to 28 U.S.C. § 2254, Petitioner argues that his state court conviction for operating under the influence of intoxicants and aggravated assault should be vacated because the trial court improperly admitted evidence of a warrantless blood test. (Petition at 6–11, ECF No. 1.) The State contends that Petitioner's claim constitutes a Fourth Amendment challenge and thus Petitioner is not entitled to habeas relief on the claim under *Stone v. Powell*, 428 U.S. 465, 489, 494 (1976). (Answer at 4, ECF No. 3.) The State, therefore, asks the Court to dismiss the matter. (*Id.*) Petitioner also asks the Court to stay consideration of his federal petition while he pursues state remedies on additional claims, including ineffective assistance of counsel. (Reply, ECF No. 5.)

After a review of the parties' filings and the record, I deny Petitioner's motion to stay and recommend the Court dismiss the petition without prejudice.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In June 2016, Petitioner was indicted on one count of aggravated operating under the influence in violation of 29-A M.R.S. § 2411(1-A)(D)(1). (*State v. Palmer*, Me. Super.

Ct., KENCD-CR-2016-00796, Indictment). In July 2016, Petitioner was charged with an additional count of aggravated assault in violation of 17-A M.R.S. § 208(1)(A). (Superseding Indictment.)

Petitioner filed a motion to suppress evidence of the test results of two blood samples, and after a hearing, the trial court granted the motion as to the first blood sample and denied the motion as to the second blood sample. (Docket Record at 2 – 3; Order on Motion to Suppress at 5.) The trial court found probable cause to believe a crime was committed and that exigent circumstances justified the second blood draw without a warrant. (*Id.*)

In October 2017, the jury found Petitioner guilty on both charges. (Docket Record at 6.) The trial court sentenced Petitioner in November 2017 to an eight-year term of imprisonment with all but three years suspended, to be followed by three years of probation. (*Id.* at 7 – 8; Judgment and Commitment.)

Petitioner sought leave to appeal from the sentence from the Sentencing Review Panel of the Maine Supreme Judicial Court, which denied the request in January 2018. (*State v. Palmer*, Me. Sent. Rev. Pan., No. SRP-17-523, Docket Record at 1.) Petitioner also appealed from the conviction, which the Law Court affirmed in July 2018. *State v. Palmer*, 2018 ME 108, 190 A.3d 1009. Around the time Petitioner filed his federal habeas petition, he also initiated state postconviction proceedings. (ECF Nos. 5, 6, 7.)

## DISCUSSION

Petitioner requests a stay of this federal habeas proceeding while he pursues a state court petition alleging additional grounds for relief, including ineffective assistance of

counsel. (Reply at 1-2, ECF No. 5.) Although Petitioner had not technically presented the additional grounds for relief in his federal petition, the Court interpreted Petitioners filings as essentially presenting a mixed petition. (Order, ECF No. 8); *see generally*, *Rose v. Lundy*, 455 U.S. 509, 510 (1982) (A "mixed petition" contains one or more exhausted claims and one or more unexhausted claims and requires dismissal without prejudice.) The Court warned Petitioner about the statute of limitations issues and the bar on second or successive petitions, and the Court ordered Petitioner to (1) explain the reasons justifying why his petition should be stayed pending resolution of the state proceedings, and (2) notify the Court whether he wished to proceed only on his exhausted claim or have has petition dismissed without prejudice in the event the Court denied his request for a stay. (Order, ECF No. 8.)

On February 24, 2020, Petitioner responded to the court's order and reiterated his request for a stay. (ECF No. 9.) Because Petitioner did not elaborate on the reasons why he failed to exhaust his state remedies before filing his federal petition, he has not established good cause for a stay. *See Rhines v. Weber*, 544 U.S. 269, 276–77 (2005). A stay, therefore, is not appropriate.

Because Petitioner did not assert that he wished to proceed only on his exhausted claim while removing his unexhausted claims, his filings are best interpreted to represent a mixed petition that should be dismissed without prejudice to his refiling after exhausting his state remedies. *See DeLong v. Dickhaut*, 715 F.3d 382, 386 – 87 (1st Cir. 2013). Petitioner is again warned to be mindful of the one-year statute of limitations which began to run when his judgment became final and generally pauses during state postconviction

proceedings but generally does not pause during federal postconviction proceedings. *See* 28 U.S.C. § 2244(d); *Duncan v. Walker*, 533 U.S. 167, 181–82 (2001).

## CONCLUSION

Based on the foregoing analysis, an evidentiary hearing is not warranted under Rule 8 of the Rules Governing Section 2254 Cases. I deny Petitioner's motion for a stay and recommend the Court dismiss without prejudice Petitioner's petition for habeas relief under 28 U.S.C. § 2254, and that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2254 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

## **NOTICE**

Any objection to the order on the motion to stay shall be filed within 14 days in accordance with Federal Rule of Civil Procedure 72.

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison  
U.S. Magistrate Judge

Dated this 18th day of March, 2020.