UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ROWE PALMER, )<br>)<br>　　　Petitioner, )<br>)<br>v. )<br>)<br>WARDEN, MAINE STATE PRISON, )<br>)<br>　　　Respondent. ) | No. 1:19-cv-00345-JAW |

**ORDER AFFIRMING THE RECOMMENDED DECISION OF THE MAGISTRATE JUDGE**

On July 1, 2019,[1] Rowe Palmer filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, arguing that the Court should vacate his conviction for operating under the influence of intoxicants and aggravated assault because the trial court improperly denied his motion to suppress evidence of a warrantless blood test. *Pet.* at 1-2. The Attorney General for the state of Maine (Attorney General) filed a motion to dismiss the § 2254 petition on August 19, 2019. *Resp't's Mot. to Dismiss Pet. for Write of Habeas Corpus Pursuant to 28 U.S.C. § 2254* (ECF No. 3). On September 16, 2019, Mr. Palmer filed a reply, which also contained a motion to stay his federal petition while he pursued state remedies on additional claims. *Pet'r's Answer to Resp't's Mot. to Dismiss His 28 U.S.C. § 2254 Habeas Corpus Writ* (ECF No. 5).

---

[1] Though the docket reflects that this petition was not docketed until July 24, 2019, the prison mailbox rule controls the date of filing of incarcerated individuals' filings under 28 U.S.C.§ 2254. *See Morales-Rivera v. United States*, 184 F.3d 109, 109-10 (1st Cir. 1999) (holding that the prison mailbox rule applies to motions under 28 U.S.C. § 2254). Mr. Palmer's petition includes a declaration stating that it was placed in the prison mailing system on July 1, 2019. *Pet. Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by Person in State Custody* at 14 (ECF No. 1) (*Pet.*). While Mr. Palmer's later filings in this case do not include declarations, Mr. Palmer dates each one before his signature, and the Court adopts these dates as the dates of filing for the purpose of this Order.

On October 8, 2019, the Attorney General filed a status report concerning the filing date of Mr. Palmer's state petition for post-conviction review. *Status Report* (ECF No. 6). Mr. Palmer responded to the status report on December 6, 2019. *Pet'r's Resp. to Habeas Corpus Status Report* (ECF No. 7). On January 31, 2020, the United States Magistrate Judge filed an order reserving ruling on the motion to stay. *Order on Mot. to Stay* ECF No. 8). Mr. Palmer filed an additional request for a stay on February 17, 2020. *Pet'r's Req. for Stay* ECF No. 9).

On March 18, 2020, the Magistrate Judge filed with the Court his Recommended Decision, in which he recommended that the Court dismiss Mr. Palmer's petition without prejudice. *Recommended Decision on 28 U.S.C. § 2254 Petition* (ECF No. 10) (*Recommended Decision*). The Magistrate Judge also denied Mr. Palmer's motion for a stay. *Id.*; *Order Denying Mot. to Stay* (ECF No. 11). Mr. Palmer did not object to the Recommended Decision.

Although Mr. Palmer waived his right to de novo review by not objecting to the Recommended Decision, the Court reviewed and considered the Magistrate Judge's Recommended Decision, together with the entire record; the Court has made a de novo determination of all matters adjudicated by the Magistrate Judge's Recommended Decision; and the Court concurs with the recommendations of the United States Magistrate Judge for the reasons set forth in his Recommended Decision, and determines that no further proceeding is necessary.

1. The Court <u>AFFIRMS</u> the Recommended Decision of the Magistrate Judge (ECF No. 10).

2. The Court <u>DISMISSES WITHOUT PREJUDICE</u> Mr. Palmer's Petition

       Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF No. 1).

3.     The Court <u>DENIES</u> a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2254 Cases.

SO ORDERED.

                     <u>/s/ John A. Woodcock, Jr.</u>
                     JOHN A. WOODCOCK, JR.
                     UNITED STATES DISTRICT JUDGE

Dated this 27th day of May, 2020